**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DEMOCRACY FORWARD FOUNDATION,
1333 H St. NW
Washington, DC 20005,

*Plaintiff*,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY,
245 Murray Ln. SW
Washington, DC 20528,

*Defendant.*

Case No. __________

**COMPLAINT**

1. Plaintiff Democracy Forward Foundation ("Democracy Forward") brings this action against Defendant the U.S. Department of Homeland Security ("DHS" or the "Department") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 (the "FOIA"). DHS has failed to sufficiently respond to Democracy Forward's request for communications and records relating to the status of Katharine Gorka's employment at DHS and the scope of her work there.

2. The records Democracy Forward has requested are of significant public importance. News that Ms. Gorka had been hired to serve in the federal government—first on the Presidential transition team and later as an adviser within DHS—was covered by major

media outlets. It was also met with great concern by those familiar with her prior professional work, which has been criticized as Islamophobic.[1]

3. DHS has refused to reveal what Ms. Gorka has worked on and with whom she has met, amplifying concerns about the impact of her controversial views on DHS policy.

4. Democracy Forward submitted a FOIA request to Defendant DHS on November 13, 2018 in an effort to understand and explain to the public the status of Ms. Gorka's employment at DHS and the scope of her work there. The Department has failed to sufficiently respond to Democracy Forward's request. Democracy Forward therefore respectfully requests that the Court compel DHS to comply with the FOIA.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

**PARTIES**

7. Plaintiff Democracy Forward Foundation is a not-for-profit organization incorporated under the laws of the District of Columbia, and based in Washington, D.C. Democracy Forward works to promote transparency and accountability in government, in part, by educating the public on government actions and policies.

---

[1] *See, e.g.*, Alex Emmons, *Homeland Security Hires Anti-Islam Activist Katharine Gorka As Trump Makes Overtures To Muslim States*, The Intercept (May 23, 2017), https://theintercept.com/2017/05/23/homeland-security-hires-anti-islam-activist-katharine-gorka-as-trump-makes-overtures-to-muslim-states/.

8. Defendant DHS is a federal agency within the meaning of FOIA, *see* 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. DHS has possession, custody, and control of records to which Democracy Forward seeks access.

**FACTUAL ALLEGATIONS**

9. Katharine Gorka was hired by DHS as an adviser to the Department on or before May 23, 2017. Prior to her hiring by DHS, Ms. Gorka had served on President Trump's "transition team," advising on homeland security matters.

10. During Ms. Gorka's tenure at DHS, the Department has "claw[ed] back hundreds of thousands of dollars in grants for countering right-wing extremism and prioritiz[ed] the role of law enforcement in combating Islamic extremism."[2]

11. On information and belief, Ms. Gorka played a role in those decisions.

12. Recently, DHS entirely scuttled its Countering Violent Extremism program.[3]

13. On information and belief, Ms. Gorka played a role in that decision as well.

14. Ms. Gorka continues to be employed by DHS.[4] Her public LinkedIn profile describes her as a "Senior Advisor" within DHS, serving from "Jan 2017 – Present."[5]

<u>The Need for the Requested Records</u>

---

[2] John Hudson, *The Gorka That Matters Isn't Leaving the Trump Administration*, Buzzfeed News (Aug. 29, 2017), https://www.buzzfeednews.com/article/johnhudson/the-gorka-that-matters-isnt-leaving-the-trump-administration.

[3] *See* Peter Beinart, *Trump Shut Programs To Counter Violent Extremism*, The Atlantic (Oct. 29, 2018), https://www.theatlantic.com/ideas/archive/2018/10/trump-shut-countering-violent-extremism-program/574237/.

[4] *Id.* (noting "Katharine [Gorka] still serves as an adviser to the secretary of Homeland Security").

[5] Katharine Gorka, LinkedIn, https://www.linkedin.com/in/katharine-gorka-1a595919/ (last visited Feb. 28, 2019).

15. As described above, Ms. Gorka's presence and role at DHS has been the subject of significant public interest since she entered public service.[6]

16. Moreover, the little bit that is known about her tenure at DHS—including her work to reorient DHS's Countering Violent Extremism program away from combatting white nationalism and towards a singular focus on Muslim communities—suggests that initial concerns about Ms. Gorka being given authority to shape public policy were well founded.

17. Yet, substantial and important questions remain about precisely what policies and programs Ms. Gorka has advised on, and with whom she has met while a DHS employee.

Plaintiff's FOIA Request

18. In an effort to understand, and explain to the public, Ms. Gorka's employment at the Department and the scope of her work there, Democracy Forward requested the following from DHS on November 13, 2018:

(1) All calendars or calendar entries for Katharine Gorka, including calendars maintained on behalf of Ms. Gorka (*e.g.*, by an administrative assistant). For calendar entries created through electronic platforms (*e.g.*, Outlook, Gmail, etc.), the records should be produced in such a form as to include all dates, time stamps, invitees, notes, and attachments.

(2) All call logs, call sheets, or other records tracking or documenting incoming and outgoing telephone calls made by or to Katharine Gorka, or anyone placing or receiving telephone calls on her behalf (*e.g.*, an administrative assistant).

(3) All visitor logs, guest books, sign-in sheets, or other records tracking or documenting in-person visitors to the Department who met with Katharine Gorka, including any such records maintained on behalf of Ms. Gorka (*e.g.*, by an administrative assistant).

(4) All records created, sent, or received by Katharine Gorka that contain the phrases "violent extremis!," "right-wing extremis!," "right-wing terroris!," "CVE," and/or any terms used within DHS to refer to the Countering Violent Extremism grant program or the Countering Violent Extremism Task Force.

(5) All records created, sent, or received by Katharine Gorka that contain the phrases "Islam! extrem!," "Islam! violen!," "Islam! terror!," and/or "radical Islam!"

---

[6] *See, e.g.*, Emmons, *supra* note 1.

(6) All communications between Katharine Gorka and Sebastian Gorka.

(7) All communications between Katharine Gorka and White House Advisor Stephen Miller.

Ex. A at 2 (footnotes omitted).

19. Democracy Forward requested that Defendant search for responsive records created between January 20, 2017 and the date on which the search for responsive records is completed.

20. Democracy Forward sought a waiver of search and duplicating fees under 5 U.S.C. § 552(a)(4)(A)(iii), which requires waiver of fees if the disclosure is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."

Democracy Forward's Correspondence with the DHS FOIA Office

21. Democracy Forward's request was sent initially to the DHS Privacy Office via electronic mail delivery on November 13, 2018.

22. On November 15, 2018, DHS responded with a letter acknowledging receipt of the request, assigning reference number 2019-HQFO-00156, and providing notice that it had conditionally granted Democracy Forward's request for a fee waiver.

23. The November 15 letter further provided notice that the appropriate components within DHS had been queried for responsive records.

24. As of the date of this Complaint, Democracy Forward has heard nothing further in response from DHS regarding its November 13, 2018 submission. DHS has neither produced any responsive records nor provided any explanation as to why it has failed to comply with its statutory deadlines.

25. Accordingly, Defendant DHS has failed to adequately notify Democracy Forward whether it will comply with its FOIA request, *see* 5 U.S.C. § 552(a)(6)(A)(i), or to produce all

requested records or demonstrate that they are lawfully exempt from production, *see id.* § 552(a)(6)(C). DHS has also failed to notify Democracy Forward of the scope of any responsive records it intends to produce or withhold, the reasons for any such withholdings, and Democracy Forward's right to appeal any adequately specific, adverse determinations.

26. Because DHS has "fail[ed] to comply with the applicable time limit provisions" of the FOIA, even with the benefit of any extensions of time that Defendant has (or could have) claimed, Democracy Forward is "deemed to have exhausted [its] administrative remedies." *See id.* § 552(a)(6)(C)(i).

## CLAIM FOR RELIEF

### Count One (Violation of the FOIA, 5 U.S.C. § 552)

DHS's Failure to Respond to Request Within the Prescribed Period

27. Plaintiff Democracy Forward Foundation repeats and incorporates by reference the foregoing paragraphs as if fully set forth herein.

28. By failing to respond to Democracy Forward's request within the statutorily prescribed time limit, Defendant has violated its duties under the FOIA, including but not limited to its duty to conduct a reasonable search for responsive records, and to produce all responsive, reasonably segregable, non-exempt information.

29. Democracy Forward is being irreparably harmed by Defendant's violation of the FOIA and will continue to be irreparably harmed unless Defendant is compelled to comply with the FOIA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Democracy Forward Foundation respectfully requests that the Court:

1. order Defendant to conduct searches for any and all responsive records to Democracy Forward's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the FOIA request;

2. order Defendant to produce, by a date certain, any and all nonexempt records responsive to Democracy Forward's FOIA request and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3. enjoin Defendant from continuing to withhold any and all nonexempt records responsive to Democracy Forward's FOIA request;

4. order Defendant to grant Democracy Forward's request for a fee waiver;

5. grant Democracy Forward an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. grant any other relief this Court deems appropriate.

Dated: March 7, 2019

Respectfully submitted,

/s/ *Jeffrey B. Dubner*

Jeffrey B. Dubner (D.C. Bar No. 1013399)
Javier M. Guzman (D.C. Bar No. 462679)
Democracy Forward Foundation
1333 H Street NW
Washington, DC 20005
(202) 448-9090
jdubner@democracyforward.org
jguzman@democracyforward.org

*Counsel for Plaintiff*